# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| John Oliver Snow, <br>     Plaintiff <br> v. <br> James Dzurenda, Director; et. al, <br>     Defendants | Case No.: 2:17-cv-02819-JAD-VCF <br><br> **Order** <br><br> [ECF No. 2] |

Pro se plaintiff John Oliver Snow brings this civil-rights case under § 1983 for events that allegedly occurred during his incarceration at the High Desert State Prison.[1] Snow has also filed a motion to amend his complaint, which does not include the facts stated in his original complaint.[2] I cannot— and will not—piecemeal together Snow's complaint from multiple documents.[3] Snow's operative complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. So, I grant him leave to file a fully complete first-amended complaint.

## Discussion

**A.  Leave to amend**

If Snow chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint and, thus, the amended complaint must be complete in itself.[4] Snow's amended complaint must contain all claims, defendants, and factual allegations that he

---

[1] ECF No. 1-1.

[2] ECF No. 5.

[3] I may not look outside the body of the complaint for facts to support Snow's claims at the pleading stage. *See Rosales v. United States*, 824 F.2d 799, 802 (9th Cir. 1987); FED. R. CIV. P. 12.

[4] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent complaint to preserve them for appeal).

1

wishes to pursue in this lawsuit. Snow must also file the amended complaint on this court's approved prisoner-civil-rights form, and it must be titled "First Amended Complaint."

Snow must follow the directions in the form complaint; state the facts clearly, in his own words; and, without citing any legal authority or argument, describe exactly what each specific defendant by name did to violate his rights on each occasion. And if Snow suffered harm, he must describe that harm and its duration. All allegations, defendants, and facts must be written on the complaint form itself. Snow may use more than one page for each count if he needs more space in order to write out all of his factual allegations: he may not direct the court to look at his attachments to support his claim at this stage of litigation. Attachments or exhibits, including grievances, though they may be helpful later in Snow's case, cannot be used by the court at the time of screening to support Snow's allegations.[5]

**B.     Motion for appointment of counsel**

Snow has also filed a motion for appointment of counsel.[6] Snow states that he is not allowed contact with a human law clerk and that it can sometimes take up to 30 days to receive a response to a legal question.[7] Snow also mentions that his medication causes him to suffer from headaches and have trouble focusing.[8]

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights claims.[9] Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel," but does so for indigent civil litigants only in "exceptional circumstances."[10] A court must consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the

---

[5] *See Rosales*, 824 F.2d at 802; *see also* FRCP 12.

[6] ECF No. 2.

[7] *Id.*

[8] *Id.*

[9] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[10] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

legal issues involved."[11]  "Neither of these considerations is dispositive and instead must be viewed together."[12]  Because Snow has not yet stated a colorable claim, I cannot infer that he has a likelihood of success on the merits or that the issues are too complex for him to articulate on his own.  I thus deny Snow's motion for appointment of counsel without prejudice.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Snow has until September 19, 2018, to FILE a first-amended complaint that includes all of the factual allegations and claims that he wishes to pursue in this case**.

The **Clerk of Court** is directed to **SEND to Snow**: (1) the approved form for filing a § 1983 complaint, (2) instructions for filling it out, and (3) one copy each of his complaint and motion to amend (ECF Nos. 1-1, 5).  If Snow chooses to file a first-amended complaint, he must use the approved form, and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Snow does not file a first-amended complaint by this court-ordered deadline, I will screen the original complaint (ECF No. 1-1) only and strike the motion to amend (ECF No. 5) from the docket.

IT IS FURTHER ORDERED that Snow's motion for appointment of counsel **[ECF No. 2] is DENIED** without prejudice.

Dated: August 20, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] *Id.* (internal quotations omitted).

[12] *Id.*