**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN OLIVER SNOW,

    Plaintiff

v.

JAMES DZURENDA, Director, et al.,

    Defendants

Case No.: 2:17-cv-02819-JAD-VCF

**Order Screening
First Amended Complaint**

**Discussion**

Plaintiff John Oliver Snow brings this first amended civil-rights complaint under § 1983 for events he alleges occurred during his incarceration at Nevada's High Desert State Prison ("HDSP").[1] Because he applies to proceed *in forma pauperis*,[2] I screen his amended civil-rights complaint[3] under 28 U.S.C. § 1915A. I find on screening that Snow's claims are not colorable, so I dismiss Snow's first amended complaint in its entirety with leave to amend.

**Discussion**

**I.    Screening standard for pro se prisoner claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[4] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[5] All or part of the complaint

---

[1] ECF No. 7.

[2] ECF No. 1.

[3] ECF No. 7.

[4] *See* 28 U.S.C. § 1915A(a).

[5] *See* 28 U.S.C. § 1915A(b)(1)(2).

1

may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[6]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[7] In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.[8] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[9] but a plaintiff must provide more than mere labels and conclusions.[10] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[11] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

## II. Screening Snow's first amended complaint

In his first amended complaint, Snow sues Director of Prisons James Dzurenda, HDSP Warden Brian Williams, Jewish Chaplain Rabbi Rosskamm, Food Service Manager Duane Wilson, Dietetic Nurse, Mary A. Boni; Chief of Purchasing Dawn Rosenberg, and Christian

---

[6] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[7] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[8] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[9] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[12] *Id*.

Chaplain Calderon.[13] Snow alleges three counts under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) (Count I), the Due Process Clause (Count II), and the Equal Protection Clause (Count III).[14] He seeks declaratory and injunctive relief, as well as punitive damages.[15]

The gravamen of Snow's complaint is that he is being denied a kosher diet at HDSP and being given instead a common-fare diet, which does not satisfy his religious needs as a Reform Jew.[16] However, Snow makes allegations without any facts to support his claims. For example, he states that defendant Rosskamm "is denying the Plaintiff to follow his beliefs as a Reform Jew by forcing him to follow the beliefs of an Orthodox Jew."[17] But Snow fails to state what specific acts Rosskamm engaged in (what Rosskamm said and/or did), at what time and place, that denied Snow the ability to follow his religious beliefs, and what those beliefs are. Snow must state specific facts to support each allegation he makes against each defendant. Because he has not done so, I dismiss his amended complaint in its entirely and grant Snow leave to file a second-amended complaint if he can plead specific facts to support each claim against each defendant.

### III. Leave to amend

If Snow chooses to file a second-amended complaint he is advised that a second-amended complaint supersedes (replaces) the original and amended complaints, so it must be complete in itself.[18] Snow's second-amended complaint must contain all claims, defendants, and factual

---

[13] ECF No. 7 at 2–3.

[14] *Id.* at 5–7.

[15] *Id.* at 10.

[16] *See id.* at 4.

[17] *Id.* at 5.

[18] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896,

allegations that Snow wishes to pursue in this lawsuit. He must file the second-amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint." He must file the second-amended complaint by October 29, 2018. If Snow does not file a second amended complaint curing the stated deficiencies by this deadline, this case will be dismissed without further prior notice and with prejudice for failure to state a claim.

Snow must follow the directions in the form complaint and state the facts clearly, in his own words, and, **without citing** any legal authority or argument, **describe exactly what each specific defendant by name did and/or said to violate his rights on each occasion**. And if Snow suffered harm, he must describe that harm and its duration. **All allegations, defendants, and facts must be written on the complaint form itself**. Snow may use more than one page for each count if he needs more space in order to write out all his factual allegations: he may not direct the court to look at his attachments to support his claim at this stage of litigation. Attachments or exhibits, including grievances, etc., though they may be helpful later in Snow's case, cannot be used by the court at the time of screening to support Snow's allegations.[19]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that: a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

IT IS FURTHER ORDERED that **the first amended complaint (ECF No. 7) is DISMISSED** in its entirety, without prejudice, for failure to state a claim but granted leave to amend.

IT IS FURTHER ORDERED that t**he Clerk of the Court is directed to SEND** to Snow the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his first

---

928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[19] *See Rosales v. United States*, 824 F.2d 799, 802 (9th Cir. 1987); Fed.R.Civ.P. 12.

amended complaint (ECF No. 7).  If Snow chooses to file a second-amended complaint, he must follow the instructions in Section III above and file it by October 29, 2018.  If Snow does not timely file a proper second-amended complaint, this case will be dismissed without further prior notice and with prejudice for failure to state a claim.  If he does file a second-amended complaint, it may be screened; Snow is cautioned that screening will take many months.

DATED:  September 19, 2018

_____
U.S. District Judge Jennifer A. Dorsey