| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| JOHN OLIVER SNOW, | Case No.: 2:17-cv-02819-JAD-VCF |
| Plaintiff | |
| v. | **Order Screening Second-Amended Complaint** |
| JAMES DZURENDA, Director, et al., | |
| Defendants | |

Plaintiff John Oliver Snow brings this civil-rights action under 42 U.S.C. § 1983, claiming that his First Amendment rights were violated when he was forced to eat a diet that does not conform with his religious beliefs. Because Snow applies to proceed *in forma pauperis*,[1] I screen his second-amended complaint[2] under 28 U.S.C. § 1915A. I find on screening that Snow still has not pled colorable claims, so I dismiss them and give him one final opportunity to amend.

## Background

**A. Plaintiff's factual allegations**[3]

Snow has been an inmate at Nevada's High Desert State Prison since 2012. He alleges that the Common Fare diet has been modified from the original court agreement and does not comply with the Reform Jewish dietary restrictions of being kosher and certified by an Orthodox Rabbi.

---

[1] ECF No. 1.
[2] ECF No. 9.
[3] These facts are taken from the plaintiff's allegations and are not intended as findings of fact.

**B.     Plaintiff's causes of action**

Based on these events, Snow sues Chief of Purchasing Dawn Rosenberg, Retired Deputy Director Scott Sisco, Deputy Director David Tristan, Food Service Manager III Duane Wilson,[4] Jewish Chaplain Rabbi Rosskamm, and Religious Consultant Shea Harlig.  He alleges two counts under the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA), and one count under the Fourteenth Amendment's Equal Protection Clause.  He seeks declaratory, injunctive, and monetary relief.[5]

**Discussion**

**A.     Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[6]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[7]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are

---

[4] In Count II, Snow refers to either himself or Wilson as being "in custody," but it is unclear who exactly Snow is referring to as being "in custody."  *See* ECF No. 9 at 6.  To the extent Wilson is an inmate and not an NDOC employee, any claims against him would be dismissed because inmates do not act under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 49 (1988) (holding that the "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law'").

[5] ECF No. 9.

[6] *See* 28 U.S.C. § 1915A(a).

[7] *See* 28 U.S.C. § 1915A(b)(1)(2).

2

immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[8]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[9] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[10] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[13] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

**B.      Analysis of claims**

The First Amendment to the United States Constitution prohibits laws respecting the establishment of religion or prohibiting its free exercise.[15] Although the United States Supreme Court has held that inmates retain their First Amendment religious-freedom protections, it also recognizes that "the fact of incarceration" and "valid penological objectives—including

---

[8] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[9] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id*.

[15] U.S. Const. amend. I.

deterrence of crime, rehabilitation of prisoners, and institutional security" may justify restrictions on those rights.[16] As the High Court explained in *Turner v. Safley*, (1) "there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) where "there are alternative means of exercising the right that remain open to prison inmates . . . courts should be particularly conscious of the measure of judicial deference owed to corrections officials in gauging the validity of the regulation"; (3) if "accommodation of an asserted right will have a significant ripple effect on fellow inmates or on prison staff, courts should be particularly deferential to the informed discretion of corrections officials"; and (4) the absence of "ready alternatives" to a particular prison regulation is evidence that it is reasonable and not "an exaggerated response to prison concerns."[17]

Snow's second-amended complaint still falls short of stating sufficient facts to satisfy the instructions I gave in my last screening order.[18] I instructed Snow to state specific facts to support each allegation he makes against each defendant, but his complaint remains conclusory and does not contain enough facts to state a claim for relief that is plausible on its face.[19] So I dismiss his second-amended complaint in its entirety and grant Snow leave to file a third-amended complaint if he can plead specific facts to support each claim against each defendant.

## C. Leave to amend

Snow has until July 8, 2019, to file a third-amended complaint curing the stated deficiencies. If Snow does not file a third-amended complaint by this deadline, this case will be dismissed without further prior notice and with prejudice for failure to state a claim. If he does

---

[16] *Id.*

[17] *Turner v. Safley*, 482 U.S. 78, 89–91 (1987).

[18] *See* ECF No. 8.

[19] *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678.

4

file a third-amended complaint but fails to cure the deficiencies outlined in this order, this case will be dismissed with prejudice, for failure to state a claim, as amendment would be futile.

If Snow chooses to file a third-amended complaint he is advised that a third-amended complaint supersedes (replaces) the original, amended, and second-amended complaints, so it must be complete in itself.[20] Snow's third-amended complaint must contain all claims, defendants, and factual allegations that Snow wishes to pursue in this lawsuit. He must file the third-amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Third Amended Complaint." Snow must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form—instead, within each count, he should allege facts sufficient to show what each defendant did to violate his civil rights.

When drafting that third-amended complaint, Snow must (1) specify what his religious beliefs are, (2) describe why the changes to his diet did not conform with his religious beliefs; (3) describe how prison officials' decisions to change the Common Fare diet changed his behavior and in what ways his behavior changed; and (4) give details about what each person he sues did to make that defendant responsible for his constitutional injury. Snow should also keep in mind the legal principles in section B above when drafting his third-amended complaint.

---

[20] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

**Conclusion**

IT IS THEREFORE ORDERED that the second-amended complaint (ECF No. 9) is the operative complaint in this case.

IT IS FURTHER ORDERED that the **second-amended complaint (ECF No. 9) is DISMISSED** in its entirety, without prejudice, for failure to state a claim but with leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** Snow the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his second-amended complaint (ECF No. 9). If Snow chooses to file a third-amended complaint, he must use the approved form and he must write the words "Third Amended" above the words "Civil Rights Complaint" in the caption. The third-amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If Snow does not file a third-amended complaint, by July 8, 2019, this action will be dismissed with prejudice for failure to state a claim.**

IT IS FURTHER ORDERED that, if Snow chooses to file a third-amended complaint, but fails to cure the deficiencies as outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

Dated: June 7, 2019

_____
U.S. District Judge Jennifer A. Dorsey