UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John Oliver Snow, | Case No.: 2:17-cv-02819-JAD-VCF |
| Plaintiff | |
| v. | **Order Screening Third-Amended Complaint and Dismissing Case** |
| James Dzurenda, et al., | |
| Defendants | [ECF No. 11] |

Plaintiff John Oliver Snow brings this civil-rights action under 42 U.S.C. § 1983, claiming that his First, Eighth, and Fourteenth Amendment and Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) rights were violated at High Desert State Prison (HDSP). Because Snow applies to proceed *in forma pauperis*,[1] I screen his third-amended complaint (TAC)[2] under 28 U.S.C. § 1915A. Because I find that Snow has failed to plead any colorable claims for the third time, I dismiss this case with prejudice because amendment would be futile.

**I.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[3] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek

---

[1] ECF No. 1.
[2] ECF No. 11.
[3] *See* 28 U.S.C. § 1915A(a).

monetary relief from a defendant who is immune from such relief.[4] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[5]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[6] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[7] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[8] but a plaintiff must provide more than mere labels and conclusions.[9] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[10] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

---

[4] *See* 28 U.S.C. § 1915A(b)(1)(2).

[5] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[6] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[7] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[11] *Id.*

## II. Screening Snow's Third Amended Complaint

In the TAC, Snow sues  He sues Defendants Chief of Purchasing Dawn Rosenberg, now-retired Deputy Director Scott Sisco, Deputy Director David Tristan, Food Service Manager Duane Wilson, Rabbi Consultant Shea Harlig, and Rabbi Consultant Yisroel Rosskamm for events that took place while he was incarcerated at HDSP.[12]  He alleges three counts and seeks monetary, declaratory, and injunctive relief.[13]

Factually, Snow alleges the following:  In 2008, Snow converted to Judaism as a Reform Jew.[14]  As a Reform Jew, Snow wants to be kosher as much as he likes but not by the determination of others.[15]  Snow was unable to practice the teachings of the Torah because prison officials made him eat mixed and uncleaned foods when they changed the common fare diet.[16]  This prevented Snow from following his religious tenets and denied him the ability to practice and exercise his religious beliefs.[17]  The present common-fare diet places substantial pressure on Snow to modify his ability to be kosher and prevents Snow from practicing his religious beliefs.[18]  The common-fare diet is not kosher under the law of Judaism.[19]  Rosskamm, an Orthodox Jewish Rabbi, cannot determine what is a kosher diet for Snow, a Reform Jew.[20]

---

[12] ECF No. 11 at 1–4.
[13] *Id.* at 14, 19.
[14] *Id.* at 4.
[15] *Id.* at 6.
[16] *Id.* at 6–7.
[17] *Id.* at 6.
[18] *Id.*
[19] *Id.*
[20] *Id.* at 10.

3

As a Reform Jew, Snow's individual conscience has to accept what is valid for himself.[21] Snow asserts that the common-fare diet is not kosher simply because Rabbi Rosskamm says it is.[22]

In claim 1, Snow alleges violations of the First Amendment's Free Exercise and Establishment Clauses and RLUIPA. In claim 2, Snow alleges Eighth Amendment deliberate indifference and violations of the Establishment Clause. In claim 3, Snow alleges violations of the Fourteenth Amendment Equal Protection Clause and RLUIPA.

I find for the third time that Snow still fails to allege sufficient facts to demonstrate that defendants violated his civil rights. I acknowledge that Snow has provided more allegations in his TAC than any other complaint, yet, he still has not provided allegations on the topics I requested. I have screened Snow's first and second amended complaints and have repeatedly told him to identify what his religious beliefs are and why the common-fare diet does not conform with those religious beliefs.[23] In both of those earlier complaints, Snow asserted that he was a Reform Jew and that the common-fare diet did not comply with being kosher even though it was certified as kosher by an Orthodox Rabbi. I repeatedly asserted that these allegations were insufficient to state colorable claims.

Snow continues to fail in the TAC to address what his religious beliefs are and why the common-fare diet does not conform with them. Simply stating that his religion permits him to choose what is kosher is insufficient. I dismiss the TAC for failure to state a claim. I do so with prejudice this time because I gave Snow three tries to state sufficient facts to allege constitutional

---

[21] *Id*.

[22] *Id*.

[23] *See* ECF No. 8 at 3; ECF No. 10 at 5.

claims and he still has not done so.  I thus conclude that Snow cannot state such facts because he does not have any that would support a constitutional claim, so amendment would be futile.

## Conclusion

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 1 ] is GRANTED**.  Snow need not pay an initial installment fee,[24] prepay fees or costs, or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915 even though this case is being dismissed.

In order to ensure that Snow pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **John Oliver Snow, #19598** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk is directed to SEND a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the TAC (ECF No. 11) is the operative complaint.  The Clerk of the Court is directed to send Snow a courtesy copy of the TAC.

IT IS FURTHER ORDERED that **this case is DISMISSED in its entirety with prejudice** because amendment would be futile.

The Clerk of the Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

---

[24] Snow previously paid a partial filing fee of $7.26 (ECF No. 4).

I hereby certify that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

Dated: April 14, 2020

_____
U.S. District Judge